Joe Angelo (Bar #268542
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Shannen Vazquez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Shannen Vazquez<br><br>Plaintiff,<br><br>v.<br><br>Kohl's, Inc.<br><br>Defendant. | CASE NO.  2:22-cv-00<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Intrusion Upon Seclusion<br>3. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Shannen Vazquez (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. Plaintiff brings this action against Defendant Kohl's, Inc. (hereinafter "Kohl's" or "Defendant") in response to receiving approximately 155 telephone calls and pre-recorded messages from Kohl's, N.A. over the course of three months.  The calls and other contact continued despite Kohl's, N.A. receiving certified notice demanding the calls stop and informing Kohl's, N.A. that Plaintiff was represented by counsel.  Kohl's also sent multiple payment demands to the Plaintiff through email and regular mail despite knowing she was represented by counsel.

2. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. (hereinafter

"Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts, and violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

3. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity.

4. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

8. This venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiff resides in the Eastern District of California.

10. Kohl's maintains various locations throughout the Eastern District.

## GENERAL ALLEGATIONS

11. Plaintiff is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

12. At all relevant times herein, Kohl's was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

13. At all relevant times, Defendant acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

14. Plaintiff opened an unsecured credit account with Defendant in early 2021.

15. The account Plaintiff opened with Defendant was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

16. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

17. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

18. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

19. Plaintiff's account was an unsecured credit card and Plaintiff began making payments on the account shortly after it was opened.

20. Plaintiff was making payments on the account for several years before she became financially unable to keep up with the monthly payments.

21. Defendant began contacting Plaintiff September of 2021 to inquire about the status of the account and to collect on the payments that were no longer being made.

22. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

23. Counsel for Plaintiff sent Defendant an initial letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

24. The contents of the letter also informed Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone if any such consent had ever been previously given.

25. Counsel for Plaintiff sent the letter of representation to Defendant through certified mail on October 7, 2021. Defendant received the certified letter on October 15, 2021.

26. Plaintiff informed Defendant that she was revoking her consent to be called on her cellular telephone in October of 2021.

27. Defendant continued to contact Plaintiff even after it had received Plaintiff's October 7, 2021 letter.

28. Despite being aware that Plaintiff was represented by counsel, Kohl's continued to place calls to Plaintiff's cellular telephone.

29. The actual call volume may be much higher as the number of calls placed by Kohl's to Plaintiff have overwhelmed Plaintiff and caused her to experience a significant amount of anxiety and stress.

30. In addition to the constant collection calls that were placed to Plaintiff, Defendant continued to send collection notices and payment demands through email and regular mail, despite being aware that Plaintiff was represented by counsel.

31. Defendant would often call Plaintiff numerous times each day demanding payment on the account.

32. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

33. Defendant's automatic dialing machine contains the capacity to randomly dial numbers.

34. Defendant would leave pre-recorded messages on Plaintiff's cellular telephone.

35. Most of the messages left by Defendant when Plaintiff did not answer the collection calls were pre-recorded.

36. When Plaintiff did answer the calls she was unable to complete her tasks at work and the calls frequently interrupted her work schedule.

37. Defendant's relentless calls caused Plaintiff to miss work and she became unable to answer all of the work calls that were also being made to her cellular telephone.

38. Defendant's intentional interference with Plaintiff's privacy caused Plaintiff to experience a sense of helplessness and anxiety and she was concerned she would not be able to keep up with her duties as an employee.

39. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant and that Plaintiff revoked consent to be contacted on her cellular telephone.

40. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

41. Defendant intentionally ignored Plaintiff's certified letter of representation of revocation of consent and willfully attempted to coerce Plaintiff into making payment on her account by overwhelming her cellular telephone with auto dialed calls.

42. Kohl's intended to frustrate and annoy Plaintiff at all times of the day, regardless of where Plaintiff was and ignoring that Plaintiff retained counsel to address her Kohl's account.

43. Despite receiving written notice regarding Plaintiff's representation by counsel and revocation of her consent to be contacted on her cellular telephone Defendant continued to call and contact Plaintiff daily regarding her account with Defendant.

**FIRST CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Kohl's)

44. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

45. Plaintiff provided written notice via certified mail that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

46. Defendant continued to call and attempt to contact Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the debt that was owed to Defendant.

47. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

48. Plaintiff received over 155 calls from Defendant after Defendant was aware Plaintiff was represented by counsel.

49. Defendant also mailed payment demands to Plaintiff after it became aware she was represented by counsel.

50. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Kohl's)

51. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

52. Defendant placed at least 155 calls to Plaintiff.

53. Plaintiff was contacted multiple times per day by Defendant.

54. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

55. Defendant violated Cal. Civ. Code §1788.11(d) by contacting Plaintiff over 155 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**THIRD CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Kohl's)

56. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

57. Defendant placed at least 155 calls to Plaintiff.

58. Plaintiff was contacted multiple times per day by Defendant.

59. Defendant sent written payment demands and collection notices to Plaintiff in addition to the phone calls.

60. Defendant violated Cal. Civ. Code §1788.11(e) by contacting Plaintiff over 155 times in a deliberate attempt to call Plaintiff repeatedly and annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant Kohl's)

61. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

62. Defendant placed over 155 calls to Plaintiff.

63. Plaintiff was contacted multiple times per day by Defendant.

64. Kohl's knew that Plaintiff was represented by an attorney as it received certified notice stating as much.

65. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling Plaintiff after Kohl's knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FIFTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against Defendant Kohl's)

66. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

67. The California legislature explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Rosenthal Fair Debt Collection Practices Act and incorporating most of the Federal Act's provisions into the Rosenthal Act.

68. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

69. Kohl's intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

70. Kohl's intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

71. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

72. These intrusions and invasions against Plaintiff by Kohl's occurred in a way that would be highly offensive to a reasonable person in that position.

73. Kohl's received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

74. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Kohl's.

**Cal. Civ. Code § 3294**

75. Kohl's also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

76. Kohl's had actual knowledge that it continued to violate both state and federal collection laws as it received notice regarding representation of Plaintiff by an attorney.

77. These calls were done with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

78. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Telephone Consumer Protection Act.

79. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, Defendant's illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least 155 calls/pre-recorded messages.

80. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendant.

81. Kohl's also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**SIXTH CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Kohl's Bank)

82. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

83. Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant in October of 2021.

84. Defendant called Plaintiff at least 155 times after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

85. Most, if not all of the calls made by Kohl's, were pre-recorded or made with an artificial voice.

86. Defendant was notified that Plaintiff had revoked her consent to be contacted on her cellular telephone by an automatic dialing machine, however, despite being Plaintiff's revocation, Kohl's continued place calls to Plaintiff's cellular telephone without her consent and with complete disregard the prior notice that was received by Kohl's.

87. Defendant would contact Plaintiff nearly daily regarding payment on the accounts.

88. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

89. Defendant would often leave pre-recorded messages on Plaintiff's cellular telephone.

90. Defendant's automatic dialing machine contains the capacity to randomly dial telephone numbers.

91. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

92. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

93. Plaintiff expressly revoked any consent that may have previously been given to Defendant to be contacted by an automatic dialing machine in June of 2021.

94. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(A)(iii).

## DEMAND FOR JURY TRIAL

95. Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

96. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual, statutory, and punitive damages.

b. An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

c. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.

d. An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.17, which incorporates 15 U.S.C. § 1692k

e. An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) and 15 U.S.C. § 1692k.

f. Exemplary damages pursuant to California Civil Code § 3294.

g. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation; and

h. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**Gale, Angelo, Johnson, & Pruett, P.C.**

Dated: April 29, 2022      By:   */s/ Joe Angelo*
                                 Joe Angelo
                                 Attorney for Plaintiff